SPENCER vs. SPENCER and CORNING.

Where trustees were directed to receive the rents and income of the trust property,
and out of the same to pay to J. S. $700 annually, during his life, and to convey
the trust property to his heirs after his death, and to increase his annuity to
$1200, if he should marry and have a family, and J. S. afterwards married and
became a housekeeper, but had no children of the marriage; *Held*, that the trus-
tees were not authorized to increase the annuity beyond the $700.

The expression "if he shall get married and have a family," in its ordinary sense, in
a will or settlement, means to get married and have issue of such marriage, and
not merely to get married and have a family, by becoming a housekeeper.

THIS was an application by John Spencer, the complainant,
for directions to the substituted trustee of his estate, who had
been appointed such trustee, in this suit. to pay to the petitioner
an annuity at the rate of $1200 per annum, out of the trust estate,
from the time of his marriage. J. Rhoades, the trustee, declined
paying to the petitioner any more than $700, without the special
direction of the court; upon the ground that it was at least doubt-
ful whether any more was payable under the terms of the trust
deed. The trust deed conveyed the fund in question to the ori-
ginal trustees, in trust, after paying the debts then due, to invest
the balance, and out of the income to pay to the petitioner $700
annually during his life; and in case he should "marry and
have a family," then to pay to him out of such income the an-
nual sum of $1200; and if the income of the fund should be
insufficient, the trustees were to apply so much of the capital of
the fund as was necessary to make up the deficiency in the an-
nuity; and to convey the residue of the trust fund to the heirs
of the annuitant, after his death. The petitioner married in
1841, and was a housekeeper; but he had never had any chil-
dren by his wife, who was still living with him.

*S. Stevens*, for the petitioner.

*J. Rhoades*, the trustee, in person.

THE CHANCELLOR. The principal question for consideration in this case is upon the construction of the words, *shall marry and have a family*. The word family may mean children, wife and children, blood relatives, or the members of the domestic circle, according to the connection in which the word is used. Thus in *Barnes* v. *Patch*, (8 *Ves.* 605,) where a residuary bequest of a contingent interest in the testator's estate was directed, upon the happening of the contingency, to be equally divided between his brother and sister's families, Sir William Grant decided that the whole went to the children, to the exclusion of the brother of the testator, who was living at the time of the happening of the contingency. Here the context shows that, by the word family, the grantor must have meant children. For to entitle the trustees to increase the annuity from $700 to $1200, the petitioner is not only to get married but also to have a family. And getting married and having a family, in common parlance, means something more than having a wife and keeping house. Unless there is something in the context to give a different construction to such an expression, it means to get married and to have children, or descendants, as the issue of such marriage. The trustee, therefore, is not authorized to increase the annuity to $1200, or to pay the petitioner any more than the sum first specified in the trust deed, until there shall be children born to him, either by this or some future marriage, unless the income of the fund should exceed the $700.

If the income should exceed that amount, the trust to accumulate it for the benefit of those who may be the heirs of the petitioner at the time of his death, is invalid pro tanto; and the surplus income will of course belong to the person creating the trust as an interest in his property not legally and effectually disposed of by the trust deed, or to the brother and sisters of the cestui que trust, as presumptively entitled to the next eventual estate. (1 *R. S.* 726, § 36, 37, 38, 40. *Idem,* 774, § 3, 4. *Vail* v. *Vail,* 4 *Paige's Rep.* 330.)

The petition must therefore be dismissed.